**EXHIBIT A
COMPLAINT**

Electronically Filed
3/26/2021 2:31 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Law Office of Mary F. Chapman, Ltd.
Mary F. Chapman, Esq.
Nevada Bar No. 6591
8440 W. Lake Mead Blvd.
Suite 203
Las Vegas, Nevada 89128
(702)202-4223
(702)202-2003
maryf.chapman@juno.com
Attorney for Plaintiff

CASE NO: A-21-831863-C
Department 14

### DISTRICT COURT
### CLARK COUNTY, NEVADA

| | |
|---|---|
| Sarah Latham, | ) |
| Plaintiff, | ) Case No. |
| vs. | ) Dept. |
| Wellpath, LLC fka Correct Care Solutions, LLC, a Foreign Limited Liability Company, licensed to do business in Nevada, | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

### COMPLAINT

Plaintiff, Sarah Latham (hereafter "Plaintiff" or "Latham"), by and through her attorney, the Law Office of Mary F. Chapman, Ltd., hereby alleges and complains as follows:

### VENUE AND JURISDICTION

1. This action is being brought pursuant to the common law of the State of Nevada as defined by the Nevada Supreme Court in <u>Hansen v. Harrahs</u>, 100 Nev. 60 (1984), tortuous discharge for filing a workers compensation claim.

2. Additionally, Ms. Latham alleges a violation of the Family Medical Leave Act (hereafter "FMLA"), as amended, 29 U.S.C. 2601, et seq.

/ / /

3.   The conduct and employment issues alleged herein occurred in County of Clark, Nevada.

4.   Ms. Latham is seeking damages in excess of ten thousand dollars($10,000.00).

5.   Accordingly, venue and jurisdiction are properly established with this Court.

**GENERAL ALLEGATION**

6.   Ms. Latham hereby repeats, re-alleges, and incorporates by reference paragraphs 1-5 contained above as though fully set forth herein.

7.   Ms. Latham was employed as a registered nurse ("RN")by Defendant Wellpath from on or about July 28, 2017, until her wrongful termination on April 4, 2019.

8.   Based upon information and belief, Wellpath, LLC was originally called Corrective Care Solutions, LLC. Based upon information and belief, on or about November 2018, Corrective Care Solutions and Corrective Medical Group of California merged to thereafter be known as Wellpath, LLC.

9.   Based upon information and belief, Wellpath at all relevant times herein conducted business in Clark County, Nevada at 3300 Stewart Ave., Las Vegas, NV.

10.  Based upon information and belief, Wellpath during all relevant times employed in excess for 50 people during the 20 calender weeks in the current or preceding year of the alleged FMLA violation.

/ / /

/ / /

- 2 -

11. Ms. Latham suffers from a serious health condition. On or about November 20, 2018, Ms. Latham made a request for FMLA leave in accordance with Defendant's policy.

12. On or about November 26, 2018, Defendant advised Ms. Latham via letter that approval of her FMLA request was pending certification and completion of the required FMLA paper work.

13. On or about December 7, 2018, Ms. Latham provided the proper FMLA paper work to Defendant.

14. On or about January 30, 2019, Defendant notified Ms. Latham her FMLA leave was approved from December 10, 2018 to May 20, 2019, but denied from November 20, 2018 to December 9, 2018.

15. Defendant's leave denial on January 30, 2019, directly violated the 5 business day notice required by the FMLA.

16. On or about January 10, 2019, Ms. Latham was subjected to retaliatory discipline for utilizing her FMLA leave.

17. On or about February 12, 2019, Ms. Latham was injured at work and placed on light duty.

18. Ms. Latham was subjected to retaliatory discipline as a result of her having filed her workers compensation claim that resulted in her being placed on light duty.

19. On or about March 6, 2019, Defendant continued violating Ms, Latham's rights by placing her on a performance improvement plan (PIP) wherein the alleged deficiencies were directly related to her limitations caused by her work place injury and serious medical condition.

/ / /

/ / /

- 3 -

20. On or about March 22, 2019, Ms. Latham filed an administrative complaint with the U.S. Department of Labor alleging Defendant had violated her rights under the FMLA.

21. On or about April 2, 2019, Ms. Latham was again subjected to retaliatory disciplinary action.

22. After completing an investigation, the U.S. Department of Labor determined Defendant had violated Ms. Latham's FMLA rights.

23. Ms. Latham has an NERC/EEOC discrimination charge pending alleging violations of the ADA and NRS §613.330. The ADA and NRS §613.330 claims are not included at this time due to the administrative process not being completed.

### FIRST CAUSE OF ACTION

### WRONGFUL TERMINATION FOR FILING A WORKERS' COMPENSATION CLAIM IN VIOLATION OF NEVADA'S PUBLIC POLICY

24. Ms. Latham hereby repeats, re-alleges, and incorporates by reference paragraphs 1-24 contained above as though fully set forth herein.

25. Defendant is an employer as defined Nevada law.

26. On or about on February 12, 2019, Ms. Latham was injured at work. Due to her sustained injury, Ms. Latham was placed on light duty with defined medical restrictions prescribed by the workers compensation doctor.

/ / /

/ / /

/ / /

/ / /

- 4 -

27. Ms. Latham filed a workers' compensation claim because of her injuries, and followed the proper procedures pursuing her workers compensation claim. Ms. Latham's actions included, but were not limited to, adhering to the medical advise and restrictions placed upon her by the workers compensation doctor.

28. Ms. Latham was subjected to retaliatory discipline when she was issued discipline because she adhered to the medical restrictions placed upon her instead of performing all of her pre-injury job functions.

29. On March 7, 2019, Ms. Latham was placed on a performance improvement plan and advised she needed to improve her performance and increase her productively among other things. However, at the time Ms. Latham could not fulfill these requests as she was on light duty due to her workers' compensation injury and not working in her regularly assigned area.

30. While still recovering from her injuries, and prior to reaching maximum medical improvement, Ms. Latham was terminated from her position by Defendant.

31. Based upon information and belief, Defendant in whole or in part terminated Ms. Latham's employment in retaliation for her filing of a workers' compensation claim in violation of Nevada law.

32. Defendant's actions were done intentionally with malice and forethought knowing they would inflict undue injury upon Ms. Latham. Accordingly, Ms. Latham is legally entitled to receive punitive damages.

/ / /

- 5 -

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE FAMILY MEDICAL LEAVE ACT**

33. Ms. Latham hereby repeats, re-alleges, and incorporates by reference paragraphs 1-32 contained above as though fully set forth herein.

34. On or about November 20, 2018, Ms. Latham made a request for FMLA leave in accordance with Defendant's policy.

35. It is undisputed that Ms. Latham suffered from a serious health condition qualifying her for FMLA leave.

36. On or about December 7, 2018, Ms. Latham provided the proper FMLA paper work signed by her doctor to Defendant.

37. On or about January 30, 2019, Defendant notified Ms. Latham her FMLA leave was approved from December 10, 2018 to May 20, 2019, but denied from November 20, 2018 to December 9, 2018.

38. Defendant's leave denial on January 30, 2019, directly violated the 5 business day notice required by the FMLA thereby violating Ms. Latham's FMLA rights.

39. On or about January 10, 2019, Rachel Rehm threatened to write Ms. Latham up for insubordination when she had advised that she could not stay after her shift due to not feeling well. Ms. Latham specifically told Ms. Rehm that her inability to stay after shift was directly related to her existing medical condition for which she had been granted FMLA coverage.

40. Based upon information and belief, Ms. Latham was terminated from her position because she exercised her rights to leave and work restrictions pursuant to the FMLA.

/ / /

- 6 -

41. Ms. Latham suffered lost wages and lost benefits in excess of ten thousand dollars.

42. Ms. Latham has a statutory right to liquidated damages.

43. Ms. Latham has a statutory right to recover all attorney's fees and costs.

### THIRD CAUSE OF ACTION

### NEGLIGENT TRAINING AND SUPERVISION

44. Ms. Latham hereby repeats, re-alleges, and incorporates by reference paragraphs 1-43 contained above as though fully set forth herein.

45. Based upon information and belief, Defendant failed to properly train and supervise Rachel Rehm, the newly appointed Director of Nursing.

46. As a result of Defendant's failure to properly train and supervise Ms. Rehm, Defendant allowed Ms. Rehm the ability to violate Ms. Latham's rights by allowing Ms. Rehm to engage in harassing discipline, denial of FMLA leave and ultimately terminating Ms. Latham based in whole or in part on the illegal discipline issued by Ms. Rehm in direct violation of Ms. Latham's right under the FMLA.

47. As a result of Defendant's failure to properly train and supervise Ms. Rehm, Defendant allowed Ms. Rehm the ability to violate Ms. Latham's protected workers compensation right by allowing Ms. Rehm to engage in retaliation against Ms. Latham for filing a workers compensation claim and thereafter following restrictions placed upon her by the workers compensation doctor.

/ / /

-7-

48. As a result of Defendant's failure to properly train and supervise Ms. Rehm, Defendant allowed Ms. Rehm the ability to violate Ms. Latham's rights protected by the ADA by allowing Ms. Rehm to engage in harassing discipline, denial of reasonable accommodation and ultimately terminating Ms. Latham based in whole or in part on the illegal discipline issued by Ms. Rehm in direct violation of Ms. Latham's right under the ADA.

49. As a result of Defendant's failure to properly train and supervise Ms. Rehm, Ms. Rehm terminated Ms. Latham's employment in whole or in part in retaliation for her filing her workers compensation claim, and thereafter insisting the restrictions she was placed on by the workers compensation doctor be followed.

50. As a result of Defendant's failure to properly train and supervise Ms. Rehm, Ms. Rehm violated Ms. Latham's privacy and confidentiality by publically posting training requirements Ms. Latham was being ordered to complete.

51. As a result of Defendant's failure to properly train and supervise Ms. Rehm, on or about January 15, 2019, Ms. Rehm violated Ms. Latham's privacy and confidentiality by discussing needed training and the threat of discipline if Ms. Rehm's mandate was not followed with a charge nurse who is not a member of administration, and had no "need to know" such confidential information.

/ / /

/ / /

/ / /

52. As a result of Defendant's failure to properly train and supervise Ms. Rehm, Ms. Rehm, who lacked personal knowledge, improperly reworded Ms. Latham's completed C-1 form, that reported Ms. Latham's on the job injury, when she typed the form. Ms. Rehm unlawfully included information about Ms. Latham's FMLA status on the C-1 form that she had altered.

53. As a result of Defendant's failure to properly train and supervise Ms. Rehm, Ms. Rehm in furtherance of her harassment and retaliation violated Ms. Latham's privacy and confidentiality by communication with Ms. Latham's co-workers about Ms. Latham's job duties and performance.

54. Defendant had a duty to properly train and supervise the newly appointed Director of Nursing.

55. Defendant knew or should have known that Ms. Rehm would need to be trained and supervised in areas including, but not limited to, privacy of employee personnel records, privacy of employee medical records, workers compensation rights, FMLA leave, FMLA rights, ADA reasonable accomodations, ADA rights, and confidentiality of employee discipline.

56. As a proximate cause of Defendant's negligence Ms. Latham suffered lost wages and lost benefits in excess of ten thousand dollars.

57. As a proximate cause of Defendant's negligence Ms. Latham has suffered foreseeable consequential damages after her wrongful termination.

/ / /

/ / /

- 9 -

58. As a proximate cause of Defendant's negligence Ms. Latham suffered damages per se due to the violation of her rights.

59. As a result of Defendant's negligence, Plaintiff is entitled to punitive damages.

60. As a result of Defendant's negligence, Plaintiff is entitled to special damages in the form of attorney's fees.

WHEREFORE, Ms. Latham prays for judgment against Defendant as follows:

1. For compensatory damages in an amount in excess of $10,000.00;
2. For consequential damages in an amount in excess of $10,000.00;
3. For punitive damages in excess of $10,000.00;
4. Reinstatement or in the alternative front pay;
5. For all attorney's fees and costs incurred herein; and
6. For such other relief as the Court may deem just and proper.

DATED this 26th day of March, 2021.

Respectfully submitted,
Law Office of Mary F. Chapman, Ltd.

/S/ Mary F. Chapman, Esq. #6591
Mary F. Chapman, Esq.
8440 W. Lake Mead Blvd., Ste. 203
Las Vegas, Nevada 89128